## W. O. FLYNT ET AL. V. A. JONES TAYLOR ET AL.

No. 1557.   Decided May 30, 1906.

**1.—Homestead—Mortgage—Vendor's Lien—Subrogation.**

A loan company took a trust deed, which was held invalid because upon the grantor's homestead, but by agreement with the borrower it had paid part of the loan secured in discharging valid vendor's liens held by others against the property. To the extent that the loan was thus applied it was entitled to subrogation to the rights of the lienholders. (Pp. 61, 62.)

**2.—Same—Limitation.**

The debts for purchase money paid off and discharged by the loan company were merged in the new note given it for the loan; but equity preserved the vendor's liens for its benefit; and its remedy thereon was not lost by the fact that the purchase-money notes which it discharged were barred by limitation at the time it sought subrogation and enforcement of the liens. (Pp. 62, 63.)

**3.—Lien—Subrogation—Burden of Proof.**

Where defendants, asking affirmatively the cancellation of a trust deed upon their homestead, admitted the validity of certain liens discharged in part consideration thereof, and to which the creditor was entitled to be subrogated, it devolved upon them to show that they had paid the sums advanced by the creditor to extinguish such liens. (P. 63.)

Error to the Court of Civil Appeals for the Second District, in an appeal from Wilbarger County.

Flynt and others appealed from a judgment denying them recovery of land claimed under a trustee's sale or subrogation to the rights of holders of vendor's liens discharged by them, and on affirmance prosecuted writ of error.

*G. A. Brown, Frost & Neblett* and *J. R. Tolbert,* for plaintiffs in error.—The Texas Loan Agency having paid off and discharged two valid subsisting liens against the land, superior to the homestead claim of defendants, and having been subrogated to such claims, and having acquired notice of the fictitious and simulated character of the transfer from A. Jones Taylor and wife to R. S. Taylor as claimed by defendants less than two years before the filing of its plea asking to be subrogated to the liens paid off, the court committed material error in sustaining appellee's exceptions interposing the statute of limitations against the plea of subrogation. Munson v. Hallowell, 26 Texas, 481; Brown v. Brown, 61 Texas, 48; Anding v. Perkins, 29 Texas, 354; Hicks v. Morris, 57 Texas, 663; Dillon v. Kaufman, 58 Texas, 706; Kalman v. Ludenecker, 9 Texas Civ. App., 183; Pioneer Saving Co. v. Paschall, 12 Texas Civ. App., 615.

*H. Snodgrass* and *R. W. Hall,* for defendants in error.—There was no error in sustaining the exception to the plea of subrogation, because the pleading and the evidence show that the note sought to be sued upon was paid off and the vendor's lien extinguished by deed. That the $2,000 note executed by R. S. Taylor represented in part the amount of said vendor's lien note, and the amount due the State of Texas for the benefit of the school fund, and that the mortgage lien upon the 310 acres of land to secure said $2,000 was taken as the sole security therefor. Cage v. Shapard, 46 S. W. Rep., 839.

The court did not err in sustaining appellants' exception to the statutes of limitation to said $300 note, because it appears, upon the face of the answer of the Texas Loan Agency and upon the face of said note, that said note was due more than four years next before filing suit thereon.

BROWN, ASSOCIATE JUSTICE.—W. Q. Flynt filed this suit in the District Court of Wilbarger County, in form of trespass to try title, against A. Jones Taylor and his wife, Jessie, to recover of them the possession and title to 130 acres of land in that county. Taylor and his wife set up their homestead exemption, and, by amended petition and pleas, the suit was changed into a controversy over the validity of the deed of trust executed by R. S. Taylor to the Texas Loan Agency upon the land in controversy. Both Flynt and the Taylors made the Texas Loan Agency a party to the suit, which answered, setting up the making of a deed of trust by R. S. Taylor upon the land to secure to said agency the sum of $2,000 loaned to the said R. S. Taylor; and also alleging that at the time of the said transaction, the land in controversy was subject to two liens, one due to the State for about $681, being the purchase money of the land from the State of Texas, and which was unpaid at the time of that transaction, of which the loan agency paid $275; and the other for about $300, being for the purchase money of the land and due from A. J. Taylor to one Capps, from whom he purchased the land. A. J. Taylor and Jessie Taylor, in their answer, set up the same transaction as that averred by the Texas Loan Agency, and the two pleadings taken together allege that, at the time the loan was made to R. S. Taylor, it was understood and agreed that the said loan agency should discharge the said lien with the money which it advanced upon the said deed of trust, and that the said loan agency did advance the money and discharge the said liens which were held by it. The loan agency prayed for a subrogation to the rights of the said lienholders and for a foreclosure of said original debts upon the land in controversy. A. J. and Jessie Taylor filed their special exception to this plea upon the ground that both of the debts were barred by the statute of limitations. In its plea asking the foreclosure of the lien, the loan agency alleged that there was a collusion between its agent, F. S. Kerr, and A. J. and Jessie Taylor to defraud the loan agency by causing it to make the loan upon the land, which was a homestead, when they knew that the deed of trust would be invalid, and that it had not learned of this secret combination and fraudulent agreement to defraud it in this manner until within less than two years prior to

the filing of this plea. The trial court sustained the exception on the ground that the claims set up were barred by the statute of limitations.

The facts of the case necessary to be stated in connection with its presentation to this court are in substance as follows: On the 14th day of March, 1889, A. Jones Taylor owned about 310 acres of land in Wilbarger County, upon 130 acres of which he had a fixed homestead right, Jessie Taylor, the codefendant, being his wife. At the time there existed two liens upon the land; one due to the State of Texas for the purchase money of the land, and the other was due to one Capps for the purchase of the land from him. A. J. Taylor applied to F. S. Kerr, who was the agent of the Texas Loan Agency, at Vernon, Texas, for a loan of $2,000 upon the 310 acres of land. After inspecting the land Kerr declined to make the loan because 130 acres of the land was the homestead of Taylor and his wife, and the remainder was not of sufficient value to justify the loan. Believing that the transaction would be valid and would secure the loan agency in the money loaned, Kerr and Taylor and wife agreed that Taylor and wife should convey the land to R. S. Taylor, A. J. Taylor's father, and that the father should execute his note and deed of trust on the whole land upon which the loan agency would make the loan. A. J. Taylor and his wife made the conveyance to R. S. Taylor, as was agreed upon, and he gave his note for $2,000 to the Texas Loan Agency with the deed of trust upon the 310 acres of land to secure the same. Thereafter, R. S. Taylor conveyed the land to A. J. Taylor, who assumed the $2,000 note. After a number of years had transpired, A. J. Taylor defaulted in the payments upon the loan made and the Texas Loan Agency caused the land to be sold under the deed of trust, becoming the purchaser thereof. W. Q. Flynt bought the land from the loan agency. He brought suit for the possession of the land and sued out a writ of sequestration under which the property was taken into possession of the sheriff and Flynt gave a replevy bond and took possession of the land and held the same until the trial. A. J. Taylor and his wife set up their homestead exemption, and upon a trial they defeated Flynt's action and recovered against him for the rents of the property during the time that he had it in possession.

The trial court erred in sustaining the special exception which set up the statute of limitations against the claim of the loan agency to be subrogated to the vendor's liens which existed upon the land in controversy at the time that the deed of trust of R. S. Taylor was made to the loan agency and which liens were superior to the homestead rights of A. J. Taylor and his wife. The debt due to the state for the purchase money of the land and also the debt due to W. D. Capps for the purchase money in the sale by him of the same land having been paid off and discharged by the loan agency out of the funds secured by the deed of trust and for which the $2,000 note was given, the defendant, the loan agency, claimed subrogation to those liens to secure so much of the $2,000 as was paid in discharge of those liens. The debts thus paid off were discharged and were merged into the $2,000 note, but equity will preserve the liens to protect the loan agency in the payment of the debts secured thereby and will subrogate it to the

vendor's liens thus discharged which will support the deed of trust to the extent of those debts. The fact that the original notes were barred by the statute of limitations does not affect the liens nor prevent subrogation of the loan agency thereto. For the error committed in sustaining the exception to the said answer, the judgment of the trial court must be reversed.

Many questions are presented by the application for writ of error which we have examined carefully, but we find no other material error in the proceedings of the court.

It was suggested in the argument that if this court should find that the loan agency was entitled to be subrogated to the prior vendor's liens and secured in the amounts paid in the discharge thereof, judgment might be rendered in its favor for that amount. But the record is not in a condition for this court to adjust that matter if all other questions were satisfactorily determined. In view of another trial we think it proper to say that since the defendants, A. J. Taylor and wife, have in their answer asked for the cancellation of the two trust deeds which were executed in the course of the transaction and certain outstanding notes which were also parts of the transaction and for other affirmative relief and as they admit in their answer the existence of said liens and their discharge by the loan agency, it devolves upon them to show that they have satisfied and discharged the sums which were paid by the loan agency to the State and to Capps in satisfaction of those debts and in the discharge of the vendor's liens upon the land, and the court should, by proper order, protect the loan agency to the extent of the valid prior liens discharged by it. (Hicks v. Morris, 57 Texas, 658; Texas Land and Loan Co. v. Blalock, 76 Texas, 89; Dixon v. National L. & I. Co., 40 S. W. Rep., 541.)

It is ordered that the judgment of the District Court and Court of Civil Appeals be reversed and that this cause be remanded.

*Reversed and remanded.*