CARLISLE v. HOLLAND et al.    (No. 1913.)*

(Court of Civil Appeals of Texas.   El Paso.
Nov. 18, 1926.   Rehearing Denied .
Dec. 16, 1926.)

1. Mortgages ⬦⟿316—Release of deed of trust, if canceled as to maker of note secured, should be canceled as to his judgment creditor.

Rights of one holding judgment against maker of note are no greater than maker's, as against payee holding deed of trust as security, so that release by payee, if canceled as to maker, should also be canceled as to his judgment creditor.

2. Mortgages ⬦⟿309(3)—Deed of trust held unaffected, as between maker and payee of note, by release executed in ignorance of third party's judgment lien.

Where holder of deed of trust securing note executed release at request of maker, in ignorance that third party had acquired judgment lien and lien by levy of execution against land, original deed of trust, as between maker and payee of note, should in equity be treated as unaffected by release.

3. Mortgages ⬦⟿309(3)—Intervening lien is sufficient ground to have release of prior mortgage, given only to extend time, set aside.

Intervening lien is sufficient ground in equity to have release of prior mortgage set aside, where intention is simply to extend time, but not to release lien, and releasor has not been guilty of culpable negligence.

4. Records ⬦⟿9(4)—Equitable interest by third person in judgment debtor's land, which rests in parol, is not subject to registration law.

Except as modified by statute, judgment lien or lien acquired by levy of execution attaches only to debtor's interest in land, and equitable interest of third person, which rests in parol, is not subject to registration law.

5. Mortgages ⬦⟿316—Right to set aside release of deed of trust to judgment debtor's land held not subject to registration law.

Right to set aside release of deed of trust to judgment debtor's land held to be equitable one, resting in parol, and not subject to registration law.

6. Execution ⬦⟿273—Judgment creditor, purchasing at execution sale and crediting bid on judgment, held not purchaser for value.

Judgment creditor, who purchases at execution sale and credits bid on his judgment, held not purchaser for value.

7. Mortgages ⬦⟿151(5)—Lien of judgment creditor, purchasing debtor's land at execution sale, held not superior to prior deed of trust, notwithstanding release of latter.

Judgment creditor of maker of note, who purchased debtor's land at execution sale, held not in equity to have lien superior to holder of prior deed of trust, where release of deed of trust was executed subsequent to recording of judgment and levy of execution.

8. Mortgages ⬦⟿309(3)—Failure of grantor in deed of trust requesting release to notify grantee of intervening lien held fraud.

Failure of grantor in deed of trust to notify grantee of intervening judgment lien in requesting release held fraud on latter.

9. Mortgages ⬦⟿316—Negligent failure to examine records did not prevent reinstatement of trust deed.

Judgment creditor cannot prevent reinstatement of prior deed of trust, because of plaintiff's negligent failure to examine records for prior liens not resulting in injury to creditor.

10. Appeal and error ⬦⟿916(1)—Exceptions to petition are presumed waived, where record does not disclose court's action thereon.

Where record does not disclose court's action on exceptions to petition, they are presumed to have been waived.

11. Mortgages ⬦⟿186(2)—Petition held sufficient to support cause of action for priority of lien by grantee, releasing deed of trust against judgment creditor.

Petition alleging that plaintiff executed release of deed of trust without knowing of intervening lien of judgment creditor, so that grantor could give clear title to another, whose note was to be given to plaintiff, held sufficient to support cause of action to secure priority to plaintiff's lien over that of judgment creditor.

Appeal from District Court, Erath County; J. B. Keith, Judge.

Action by M. N. Carlisle, as executor of J. M. Carlisle, against J. D. Holland and others. From the judgment, plaintiff appeals. Reversed and rendered.

Chandler & Chandler, of Stephenville, and Wallace Scott, of Dublin, for appellant.

R. L. Thompson, of Stephenville, for appellees.

HIGGINS, J.   J. Lee Carlisle executed his note for .$815.75, in favor of J. M. Carlisle, dated October 7, 1921, and to secure its payment executed a deed of trust of the same date, upon about 16 acres of land in Erath county.   The deed of trust was duly acknowledged and filed for record February 8, 1922.   J. M. Carlisle died February 3, 1922, and M. N. Carlisle became independent executor of his estate.

On March 2, 1923, W. Y. Reid recovered judgment for $543.40 against J. Lee Carlisle. On August 14, 1923, an execution was issued on this judgment, which levied September, 22, 1923, on the 16 acres.   The sale under this levy was enjoined at the suit of J. Lee Carlisle.   The injunction was dissolved by judgment dated June 12, 1924, and the 16 acres adjudged subject to the execution and levy aforesaid, and ordered sold thereunder. An abstract of Reid's judgment was filed in Erath county, recorded and indexed May 24,

---

1924. On July 14, 1924, M. N. Carlisle, as executor, executed a release to J. Lee Carlisle of above-mentioned deed of trust, reciting that the note which it secured had been fully paid. The release was filed for record February 1, 1925.

On March 6, 1925, there was issued on Reid's judgment a writ, which is designated as a pluries execution, but which was in fact a writ of venditioni exponas, directing the sale of the 16 acres which had been prevented under the earlier execution and levy by the injunction before mentioned. In obedience to the latter writ the property was advertised, and on April 7, 1925, it was sold and conveyed by the sheriff to Reid for $100, paid by credit upon the judgment. The sale and deed related back, so as to convey the interest of J. Lee Carlisle on and subsequent to the date of the levy made on September 14, 1923.

M. N. Carlisle, as executor, brought this action against J. Lee Carlisle, J. D. Holland, Reid, and others not necessary to mention. In brief, the petition alleged the following material facts:

The death of J. M. Carlisle and plaintiff's appointment and qualification as executor. The execution on October 7, 1921, of the note and deed of trust given by J. Lee Carlisle on the 16 acres of land, and record of the latter. On May 26, 1924, there was due on J. Lee Carlisle's note $1,050, and on this date J. Lee Carlisle "transferred" the 16 acres to Holland, and the latter executed and delivered his note for $1,050, payable to order of plaintiff as executor, and secured by vendor's lien. This note was forwarded to plaintiff in Florida, with release of the former note and lien for plaintiff to sign. On receipt of said note plaintiff executed the release and returned same, and it had been placed of record in Erath county. At the time he executed and delivered the release, and accepted the Holland note and vendor's lien, plaintiff was ignorant of the fact that theretofore, in 1923, Reid had acquired a lien upon the land. The release was given, the new note taken, and the form of security changed, in the belief there was no other lien on the land, and plaintiff would not have done so, if he had known of Reid's lien, and as soon as the latter lien was discovered the change was repudiated, Holland's deed was not recorded, nothing was done thereunder, and same treated as a nullity. The sale aforesaid to Reid under execution and payment by credit on the judgment was also set up. Plaintiff prayed judgment for his debt, establishment and foreclosure of the original deed of trust, and, in the alternative, for foreclosure against all parties of the vendor's lien taken to secure the new note.

The answer of Reid is lengthy. It was sufficient for all purposes. The judgment rendered, so far as it is pertinent to this appeal, is as follows: In favor of plaintiff against J. Lee Carlisle for the amount due on the latter's note of October 7, 1921; that the plaintiff's release above referred to was a valid and subsisting release so far as Reid was concerned, and Reid had a "title claim and lien" against the 16 acres superior to "any right, interest, or lien" of plaintiff; said release, as between plaintiff and J. Lee Carlisle, was canceled, and the deed of trust established and foreclosed, subject to the prior right and lien of Reid, which was adjudged to be a first lien; the premises were ordered sold and the proceeds applied to the payment, first, of the amount due Reid upon his judgment, and second, to the payment of the judgment recovered by the plaintiff.

It was shown by Holland's testimony that he negotiated with Lee Carlisle for the 16 acres, and agreed to take it if he would clear the title. The deed and notes were drawn up and placed in the hands of H. E. Brown in escrow, until the title was perfected. He had never accepted the deed which Lee Carlisle brought to him. He had not claimed any interest in the land and the deal fell through. Holland's testimony is not altogether clear, but the uncertainty therein is of no importance in the decision of the case. It is important only as showing that the purpose of the plaintiff in executing the release was to clear the land of the existing deed of trust, so that Lee Carlisle could sell the land to Holland, and the latter's obligation, secured by vendor's lien on the land, substituted for Carlisle's.

It is shown by the undisputed testimony of the plaintiff as follows:

Subsequent to his qualification as executor he moved to Florida. "No money has ever been paid to me, as executor of the estate of J. M. Carlisle, deceased, on the note described in interrogatory No. 2. J. Lee Carlisle and wife deeded this property to J. D. Holland, and J. D. Holland gave a note and mortgage to cover the principal amount of the note, together with interest on the note referred to in interrogatory No. 2, and I released J. Lee Carlisle from his note, when I secured the new note and mortgage made by J. D. Holland to cover and secure same. As executor of the estate of J. M. Carlisle, deceased, I held the note of J. Lee Carlisle, secured by a deed of trust, the deed of trust and note being the same referred to in interrogatory No. 2, and J. Lee Carlisle wanted to sell the land on which I hold the deed of trust, and he sold said land to J. D. Holland, and I released the trust deed and note of J. Lee Carlisle, so that he could make this deed to J. D. Holland. Then J. D. Holland executed and delivered a note to me for the amount of the principal and interest on the note referred to in interrogatory No. 2. In this note from J. D. Holland it described the 16 acres of land as security for this note. I was in Florida at the time I executed this release. The consideration that I received for this release was the note executed and delivered by J. D. Holland on the 16 acres of land described in deed of trust to me by J. Lee Carlisle. At the time I executed this release

I had received the note executed by J. D. Holland. J. Lee Carlisle sent me this note, executed by J. D. Holland, and asked, 'Would I accept this note from J. D. Holland and release the J. Lee Carlisle note?' The security on this note was the same piece of land described in deed of trust to M. N. Carlisle as trustee for J. M. Carlisle, and referred to in interrogatory No. 2. At the time I executed this release I did not know that W. Y. Reid had secured a judgment against J. Lee Carlisle and wife, which constituted a lien on this land. It was not my intention, at the time such release was executed, to surrender my priority over any other lien or liens which might exist against this land and inferior to mine. In releasing this deed of trust lien, I thought it was the only lien against this land. * * * I did not investigate the abstract judgment record, the deed records of the county clerk's office of Erath, and I did not know the condition of the title to the 16 acres of land on which an attempt is being made to foreclose my lien."

There is other evidence in the record relating to whether Reid had notice of the true facts with respect to the release executed by the plaintiff. It is unnecessary to state the same, for we deem the question of notice as immaterial for the reason hereinafter stated.

[1] The only question upon this appeal is the correctness of the judgment subordinating the lien of the plaintiff to that of Reid. The court's judgment upon its face discloses that the release was canceled as between the plaintiff and J. Lee Carlisle and, in our opinion, Reid's rights are no higher than Lee Carlisle's.

[2] The record shows that plaintiff, at the request of Lee Carlisle, executed the release in ignorance of the fact that Reid had acquired a judgment lien and lien by levy of an execution. Under such circumstances, we are of the opinion that in equity the original deed of trust, as between plaintiff and Lee Carlisle, should be treated as unaffected by the release, and the lien of the deed of trust preserved. Flynt v. Taylor, 100 Tex. 60, 93 S. W. 423; Mortgage Co. v. Taylor (Tex. Com. App.) 212 S. W. 647.

[3] And there are numerous authorities which support the view that an intervening lien is regarded as sufficient ground in equity to have a release of a prior mortgage set aside, where the intention is simply to extend the time, but not to release the lien, and the releasor has not been guilty of culpable negligence. Wooster v. Cavender, 54 Ark. 153, 15 S. W. 192, 26 Am. St. Rep. 31, and cases there cited; 19 R. C. L. pp. 452, 472, 473, 489; 41 C. J. 587; 1 Story, Eq. Juris. § 110; 2 Pomeroy, Eq. Juris. § 849.

[4] The appellee asserts that he has secured a superior right by virtue of our registration statutes, but it is well settled in this state that, except as modified by statute, the common-law rule obtains that a judgment lien or lien acquired by the levy of an execution attaches only to the interest in land owned by the debtor; that an equitable right or interest in the land owned by a third person, which rests in parol, is not subject to the registration law, and such right will be protected against the judgment or execution lien. Bank v. Jones, 107 Tex. 623, 183 S. W. 874; Blankenship v. Douglas, 26 Tex. 225, 82 Am. Dec. 608; Grace v. Wade, 45 Tex. 522; Hirt v. Werneburg (Tex. Civ. App.) 191 S. W. 711.

[5] If we are correct in our view that, as between the plaintiff and Lee Carlisle, the former had the right to set aside the release, then that right was an equitable one resting in parol, not subject to the registration law, and was superior to that acquired by Reid under the abstract of judgment and execution levy. See cases supra. In Bank v. Jones, supra, a release of a deed of trust was executed, which by mutual mistake recited payment of the entire debt and released more of the land than was intended. In that case it was held that the release was entitled to reformation; that this right was an equitable one, not subject to the registration law, and superior to the right of an intervening judgment lien. The opinion in the case also points out that the judgment creditor is not in the position of an innocent purchaser for value, because he has parted with nothing.

[6] The same rule applies to a judgment creditor who purchases at an execution sale and credits his bid upon his judgment for he is not a purchaser for value. Cases cited, 17 Michie Digest, 208. We are therefore of the opinion that under the registration acts Reid acquired no legal right, by the recording of his judgment and levy of the execution, superior to the equitable right of the plaintiff to set aside the release of the deed of trust.

[7] Nor is there any equitable consideration which would operate to postpone the plaintiff's lien. The release was not executed until subsequent to the recording of the judgment and levy of the execution under which the land was finally sold. Those liens were acquired subject to the deed of trust. Reid was not a purchaser for value at the execution sale, and to cancel the release will place him in no worse position than he occupied when he fixed his liens. We therefore think there is no equitable consideration which would give him a superior right.

[8] Appellee insists that the appellant was guilty of negligence in executing the release without having first examined the records which would have advised him of the liens acquired by appellee. It must be conceded that the authorities quoted above as to the right in equity to set aside a release executed in ignorance of an intervening lien seem to attach some importance to the question of negligence upon the part of the releasor in determining his right. But we think it would not lie in Lee Carlisle's mouth to defeat cancellation of the release because he knew of the intervening lien, and when he wrote plaintiff, asking him to execute the release and

(289 S.W.)

accept Holland's note, it was his duty to advise the plaintiff of the intervening lien. His failure so to do was a fraud upon plaintiff, and, as we have pointed out, Reid occupies no higher right than Lee Carlisle.

[9] Furthermore, the negligence, if any, of plaintiff, has resulted in no injury to Reid, and there is no equitable consideration why the latter should profit by it. Bank v. Jones, supra; 41 C. J. 588.

[10, 11] Appellee questions the sufficiency of the appellant's pleadings to support recovery. The record does not disclose action by the court upon the appellees' exceptions to the petition. They are thus presumed to have been waived. The petition alleges the facts shown by our statement made above, and is sufficient to support the plaintiff's cause of action. Nor can we agree with appellant's contention that the error of the court below is not properly assigned and presented for review.

All of the reasons advanced by the appellee in support of the judgment have been considered and are regarded as untenable. The judgment will be reversed, and here rendered, so as to give priority to the appellant's lien in accordance with the view herein stated.

Reversed and rendered.