**MAYES et al. v. BAUGH et al.**
No. 9267.

Court of Civil Appeals of Texas. San Antonio.
Feb. 28, 1934.

Hill & Greer, of Mission, for appellant.

W. J. Bailey, of San Benito, for appellees.

SMITH, Justice.

Baugh and wife purchased a tract of land from one Segall, a part of the consideration being evidenced by Baugh's two notes, secured by both vendor's lien and deed of trust lien. Segall transferred the notes to one Pope.

When note No. 1 matured, Baugh had no means with which to pay it. Pope demanded payment, and would foreclose in case of default. Baugh was thereby confronted with the alternative of borrowing the amount and paying the note, or losing the property, which had become his homestead in the meantime.

In this dilemma Baugh went to one Cooper, a disinterested party, whom he told of his predicament, and besought of him a loan with which to pay the note and save his home. Pope, the holder of the two notes, declined to transfer one note, or lien to secure it, so long as the other was outstanding, so as to preserve his whole security intact. He would release but not transfer. With this knowledge, Baugh and Cooper negotiated, and it was agreed that Cooper would advance to Baugh the requisite amount to pay off the first note in consideration of Baugh's note for the amount, and a deed of trust upon the property to secure the payment of the note. That agreement was consummated. Cooper advanced the amount to Baugh, who paid it over to Pope and executed his note and deed of trust to Cooper. Pope released the note so paid and lien so satisfied. Baugh's wife joined him in all these transactions.

Two years later, on October 28, 1931, just before the lapse of the limitation period, Baugh and wife procured Cooper to extend the note and lien, which Cooper subsequently assigned to J. W. Mayes, appellant herein.

After the note had matured and the Baughs had defaulted in its payment, Mayes, the then holder, threatened to exercise the power of sale under the deed of trust, whereupon the Baughs obtained a temporary injunction, restraining the threatened sale by the trustee. They asserted and here reiterate that the property was their homestead at the time appellant's assignor admittedly saved it for them from foreclosure, upon their solicitation and promise; that although they promised and agreed to give him a lien thereon in lieu of the one he saved them from, they gave him a new and distinct, and therefore invalid, lien, which they now repudiate and hope to defeat, notwithstanding they asked for, received, accepted, and appropriated the full benefits thereof. Upon a trial the court perpetuated the injunction against sale by the trustee, decreed the deed of trust to be invalid, and denied appellant's cross-action for foreclosure of the deed of trust lien, but awarding recovery to Mayes, the creditor, for the amount of the debt. Mayes appealed.

Appellant contends, under his first proposition, that by reason of the premises he became subrogated to the rights of the holder of the vendor's lien, which was admittedly discharged with the fund advanced by him to appellees upon their solicitation and for that agreed and specific purpose, and in consideration of the very lien which appellees here seek to repudiate. Upon the case stated, we sustain the proposition. 25 R. C. L. p. 1351, § 34; 3 Pomeroy Eq. Jur. (3d Ed.) § 1212; 1 Jones Mort. (8th Ed.) § 275; Simpkins, Equity, pp. 613 et seq.; Texas Land & Loan Co. v. Blalock, 76 Tex. 85, 13 S. W. 12; Flynt v. Taylor, 100 Tex. 60, 93 S. W. 423.

The money judgment will be affirmed, but the judgment denying foreclosure will be reversed and judgment here rendered foreclosing the lien asserted by appellant. All costs of both courts will be assessed against appellees.

Affirmed in part; in part reversed and rendered.