**KENNERLY et ux. v. TAYLOR.**

**No. 10832.**

Court of Civil Appeals of Texas. Galveston.

June 15, 1939.

Rehearing Denied July 13, 1939.

Geppert, Geppert & Victery, of Teague, for appellants.

E. T. McCain and Guy T. Robinson, both of Palestine, for appellee.

GRAVES, Justice.

This appeal is from a $627.84 judgment of the court below, sitting without a jury, against appellants and in favor of the appellee, as for the balance found by the court to be due upon appellants' $1,000 note in favor of J. B. Taylor, deceased, of date February 20 of 1932, which it further found was secured both by valid deed-of-trust and vendor's liens, of like date, upon four acres of land in the D. C. Cannon Survey in Freestone County, such judgment also decreeing a foreclosure of such liens upon the land against appellants in appellee's favor.

The appealed-from judgment, in addition to finding that the appellants were then obligated to the appellee in the stated amount on the note and by the recited liens on the land securing it, declared in final purport as follows:

"And the court, after having heard the pleadings, evidence and argument of counsel, is of the opinion that the defendants are indebted to plaintiff on a note secured by a valid vendor's lien and deed of trust lien on the following described tract of land, viz.: (Describing the four acres).

"It appearing to the court that said note was executed by defendants, H. V. Kennerly and Emily Kennerly, Feb. 20th, 1932, to secure the purchase price of the above described tract of land. * * *

"It is therefore ordered, adjudged and decreed by the court that the plaintiff, J. E. Taylor, Executor of the Estate of J. B. Taylor, deceased, do have and recover of and from the said defendants, H. V. Kennerly and wife, Emily Kennerly, the sum of $627.84, principal, interest and attorney's fees; * * *

"It is further ordered, adjudged, and decreed by the court that the vendor's lien and the deed of trust lien as they existed on the 20th day of February, 1932, upon the above described tract of land be, and the same are hereby, foreclosed."

Appellants make no complaint here against the money-judgment, nor the amount of it, but present three assignments, all in effect inveighing against the foreclosure as so awarded against the four acres of land, contending that at all times that property had constituted the appellants' homestead—both before the execution of the note and deed-of-trust sued upon and throughout their existence—hence the trial court had erred in so decreeing that the vendor's and deed-of-trust liens be foreclosed, as well as in also holding that either of them constituted a valid lien against such land as their homestead, under Article XVI, section 50, of the Constitution of Texas, Vernon's Ann.St.

As applied to the issues of fact, the homestead claim was predicated upon their assertion that appellants had borrowed the $1,000 from J. B. Taylor, deceased, in the form of a check from him payable to W. E. Doyle, who had at that time been a creditor of the appellant H. V. Kennerly to the extent of $855, and that out of such check for $1,000 from Taylor in his favor, Doyle had paid himself the $855 and had given H. V. Kennerly the balance of $145; that Doyle then neither had any lien against the premises involved nor was entitled to any, the appellants being in occupancy thereof at that time as their homestead; further, that Doyle had no agreement with appellants, either express or implied, that he was to have any lien of either sort as security for his own reimbursement, which had been effected in the manner stated; still further, that there was no evidence

before the court to the effect that Doyle was to have any such lien of either sort, but that, on the contrary, there was only on that issue the affirmative testimony of the appellants themselves that Doyle was not to have any such a lien.

On such an asserted state of facts, appellants base their presentment that homestead-rights in the land protected them, primarily upon the rules of law as stated in 60 Corpus Juris, 807, section 113, and Ramey v. Cage, Tex.Civ.App., 90 S.W.2d 626.

The vice in this position, however, lies in the findings directly the other way by the trial court, as copied supra from its judgment; after a thorough examination of the record, including the statement of facts, this court perceives no lack of support for these findings upon which the judgment was rendered; indeed, this resume of the opposing showing, as taken from the appellee's brief, is found to accord fully with the testimony appearing in the record: "Appellants' own attorney in the transaction testified in the case that Kennerly and Mr. Taylor, the testator, both informed him that Mr. Taylor made the $1,000.00 loan to buy the home for Kennerly, and that such agreement was made before Kennerly paid for the home; that the recitations of the note and deed of trust were exactly in accordance with the facts as told to him by both Kennerly and Taylor when he drew the papers. The recitations referred to both use the past tense, 'advanced', and the note, especially, the recitations of which are undisputed, show that 'all of said sums were paid on the purchase-price of said land at the request of the said H. V. Kennerly and wife, and with the understanding and agreement that said sums should be secured by a vendor's lien on said property as the same sums were all used on the purchase price of said premises.' The undisputed, written evidence as revealed by said quoted recitation in the note, signed by appellants and prepared by appellants' own attorney, accords to the last point of exactness with the original plan of payment of the purchase price of the place as shown by the letter from Kennerly to his attorney dated July 16, 1931."

Under what must in this court be accepted as the true state of facts controlling, it is obvious that the trial court's judgment was correct, pursuant to these authorities: 39 Tex.Jur., Subrogation, Sec. 32; Flynt v. Taylor, 100 Tex. 60, 93 S.W. 423; Warhmund v. Merritt & Metcalf, 60 Tex. 24; W. C. Belcher Land Mortg. Co., v. Taylor, Tex.Com.App., 212 S.W. 647; Mergele v. Felix, 45 Tex.Civ.App. 55, 99 S.W. 709, writ of error denied; Johnson v. Smith, Tex.Civ.App., 234 S.W. 939; Jones v. Moore, Tex.Civ.App., 289 S.W. 709, writ of error dismissed; Mayes v. Baugh, Tex.Civ.App., 68 S.W.2d 1097; Hicks v. Morris, 57 Tex. 658; 39 Tex.Jur., Subrogation, Sec. 33; 29 Tex.Jur., Mortgages, Sec. 105; Kearby v. Hopkins, 14 Tex.Civ.App. 166, 36 S.W. 506, writ of error refused; Hunt v. Makemson, 56 Tex. 9; Ward-Harrison v. Kone, Tex.Com.App., 1 S.W.2d 857; 39 Tex.Jur., Subrogation, Sec. 30; 8 Texas L.R. 546.

Without further discussion, since these conclusions determine the merits of the appeal, an affirmance will be ordered.

Affirmed.